PER CURIAM.
This case is an aftermath of the situation arising in Jefferson Parish when the legislatively-created Commission form of government was held unconstitutional. Ladnier v. Mollere, La., 89 So.2d 301. The new Commissioners elected in the second primary of February, 1956, were enjoined from taking office, as a consequence of which the former police jury (whose terms normally expired after April, 1956) continued to discharge the duties of the offices of police jurors, as provided by Article XIX, Section 6, La.Constitution of 1921, LSA.
This is an action by three residents, taxpayers and electors of the Parish of Jeffer^ son, State of Louisiana, to enjoin Wade O. Martin, Jr., Secretary of the State of Louisiana, from placing the names of the Republican nominees for the office of Police Juror for the Parish of Jefferson, State of Louisiana, on the official ballot for tha general election to be held November 6, 1956.
On August 7, 1956 the Parish Republican Executive Committee called a primary election for the office of Police Juror of Jefferson Parish, to be held on September 18, 1956.
On August 9, 1956 two of the plaintiff-appellees, Archie J. Miller and Dan C. Slate, obtained a writ of injunction against the Dentocratic Executive Committee- of the Parish of Jefferson, permanently enjoining them from holding a similar primary.
On August 12, 1956 the Republican Executive Committee certified nominees to the Secretary of State, and directed him to place the names of said nominees upon the official ballot for the election to be held November 6, 1956.
It is stipulated that no general or special election has been called by the Governor or any other authority for the office of Police Juror for the Parish of Jefferson.
Plaintiff-appellees filed suit in the Nineteenth Judicial District Court of the Parish of East Baton Rouge, State of Louisiana, against Wade O. Martin, Jr'., Secretary of State of the State of Louisiana. The alleged Republican nominees intervened, alleging they were indispensable parties to the cause.
Upon judgment by the Trial Court permanently restraining arid enjoining the Secretary "of State from entering interveners’ names on the ballot for the general election to be held November 6, 1956, appellants filed this appeal.
The present injunction suit against the Secretary of State enjoining him from placing the names of the nominees certified by the Republican committee is based upon LSA-R.S. 18:281, which in part provides:
“The Secretary of State shall not place on the official ballot the name of *910 any person as a candidate for any political party not nominated in accordance with the provisions of this Part” (i. e., Part I “General Provisions” of Chapter 2 “Primary Elections” of Title 18 “Elections”).
• The principal issue to be determined is whether the Republican, nominees were nominated under the authority of, and in accordance with the provisions of the primary election laws' of tho State of Louisiana.
The Legislature has provided that police jurors are chosen at the general election for state offices, LSA-R.S. 33:1221. “The general State election shall be held once every four years on the Tuesday next following the third Monday in April”, Article VIII, Section 9, La.Constitution of 1921. ’ '
LSA-R.S. 18:544 provides:
“The general election for state and parish officers is held once every four years on the first Tuesday next-following the third Monday of April.”
The general State election to fill the offices of police jurors, for which present in-terveners-appellants were certified as nominees by their political party executive committee on August 12, 1956, was held in April, 1956.
In urging that the political party executive committees have the right to call special elections to fill vacancies (appellants arguing that, the offices of the holdover police jurors became vacant at expiration of their elected terms), interveners-appel-lants rely on LSA-R.S. 18:305, which provides in part:
“A. Whenever a special election is held to fill a vacancy for an unexpired term caused by death, resignation, or otherwise of an officer, the respective committees having authority to call primary elections to nominate candidates for the office may fix the date at which a primary .shall be held • * *. ” '(Italics ours.) 1 ’
Appellants rely upon the latter, italicized words indicating that the party committee “may fix the date at which a primary shall be held.” However, this of course is qualified by the first clause in the section, indicating its application to situations when a special election is to be held. In such instance, then the primary shall be held.
Admitting that no special election to fill the vacancies was called by the Governor, able counsel for appellants further relies upon LSA-R.S. 18:545, especially the italicized last sentence thereof, which provides, in 'part:
“ * * * At least thirty days before every general election the govern- or shall issue his proclamation giving notice thereof * * *
“The board of supervisors of elections of each parish shall-give fifteen days’ notice of every general election * * *. But no default by the governor or parish board ,of supervisors to issue the proclamation deprives the people of their right to hold an election as fixed by law or vitiate the election when held.”
This section by its terms specifically applies only to general .elections fixed by law,, which may be held even in the absence of call or proclamation. It is inapplicable to the present situation, where the very question to be determined is whether political party committees have the right to call á special election, or to certify nominees to fill posts for which an election has not been called.
There is no authority in the election laws, and we have been cited to none, for the political party executive committees, either individually or in combination, to fix or to call general or special elections. The dates of the general elections are fixed by the Constitution and the statutes. When a special election is required to fill vacancies, - the .various constitutional and •statutory provisions provide that such election shall be called by the Governor or oth *911 er proper legal authority. See for example, Article 7, Section 69, La.Constitution; LSA-R.S. 42:373. Further, it is questionable that a special election is required to fill a vacancy in the office of police juror. See LSA-R.S. 42:372.
Appellees forcefully argue that the obvious reason the legislature did not see fit to give political party executive committees the power to call special elections, is that such committees might call same at different times to fill the same offices.
For the above and foregoing reasons, the judgment of District Court herein is affirmed.
Affirmed.