HALL, Judge.
Thomas Barr, III, alleging that he timely qualified with the Orleans Parish Democratic Executive Committee as a candidate for the democratic nomination for the office of Judge of Section “A” of the First City Court for the City of New Orleans, brought this mandamus proceeding to compel the Committee to certify his name to the Secretary of State as a candidate for such office. After testimony had been taken and argument begun Mr. Barr attempted to file a supplemental petition in which he asked for additional relief, the details of which we find it unnecessary to set forth at this time since the conclusions which we have reached in the matter take care of the additional relief prayed for by him regardless of whether his supplemental petition was timely filed.
There was judgment below rejecting Mr. Barr’s demands and dismissing his suit. He prosecutes this appeal from that judgment.
The facts are as follows :
On January 3, 1966, the Orleans Parish Democratic Executive Committee adopted its Resolution No. 3 ordering a primary election to be held throughout the City of New Orleans in all Wards except Ward 15 for the purpose of selecting the democratic nominee for Judge of Section “A” of the First City Court for the City of New Orleans to fill the vacancy occasioned by the election of the incumbent judge (the Honorable S. Sanford Levy) to the Civil District Court for the Parish of Orleans.
The balance remaining of Judge Levy’s term as Judge of Section “A” of the First City Court is more than one year, he having been elected to that office for the term expiring December 31, 1972.
Under the Committee’s Resolution No. 3 of January 3, 1966, the deadline for qualification of candidates was January 10, 1966, at 5:00 P.M.
On January 7, 1966, the Committee met and adopted its Resolution No. 1 recalling and rescinding its Resolution No. 3 calling the primary, and as a result thereof when Mr. Barr attempted to qualify as a candidate at about 4:00 P.M. on January 10 his qualification papers were rejected.
In its Resolution No. 3 of January 3rd the Committee had fixed the dates of the first and second primaries to coincide with the primary dates which it had fixed in response to the Governor’s call for a special election to be held on April 26, 1966, for the election of members of the House of Representatives in Wards 7, 9, and 12 of the City of New Orleans.
Mr. Barr contends that where, as in this case, the unexpired portion of a term is one year or more, an election to fill the vacancy must under the provisions of Article VII Section 69 be held to coincide with the next scheduled special or regular election provided such election is more than 90 days from the date of the vacancy. He further contends that under the provisions of LSA-R.S. 18:305 it is the mandatory duty of the Committee to call and hold primaries on dates conformable to the date of the election to be held. He further contends that the Committee had no right to attempt to rescind its resolution of January 3, 1966, calling the. primary and *352 that its action in so doing is null and void, but he contends that since the vacancy in the office of Judge of Section “A” of the First City Court occurred on January 4, 1966, and since the first scheduled election occurring more than 90 days thereafter is the regular city wide election of April S, 1966, the primary dates fixed in the Committee’s resolution of January 3 should be ordered changed to conform with that election rather than the election to be held April 26, 1966. At all events, whether the primary dates are changed or not Mr. Barr contends that he is entitled to have his name certified to the Secretary of State as a candidate in the primary election.
In order to get to the fundamental question involved, it is necessary to eliminate what in our opinion is an entirely immaterial question, i. e. the date of the first scheduled special or regular election following the date of the vacancy which would conform to the constitutional proviso that such election must be more than 90 days from the date of the vacancy. The vacancy in the office in question here did not occur on January 4, 1966 as contended by Mr. Barr. Judge Levy did not resign from his office as Judge of Section “A" of the First City Court. The vacancy in that office did not occur until sometime after 10:00 A.M. on January S, 1966, when Judge Levy took his oath as Judge of Division "D” of the Civil District Court, thereby forfeiting his First City Court judgeship. The election to be held city wide on April 5, 1966, does not conform to the constitutional proviso since that date is “not more than ninety days from the date of the vacancy.” On the other hand the date April 26, 1966, does not conform to the constitutional provision because the special general election called by the governor for that date is to be held in only 3 wards of the 17 wards of the city and is therefore in our opinion not an election “to be held in the area in which the particular vacancy occurs” but is an election to be held in only part of the area in which the vacancy occurred. We construe this clause to mean an election “to be held throughout the area in which the particular vacancy occurs.” Any other construction would in our opinion result in an absurdity. The first election to be held throughout the territorial jurisdiction of the First City Court which is more than 90 days subsequent to the vacancy here is the Congressional election to be held in November 1966.
However we consider the question of dates is immaterial to the fundamental question involved here.
Insofar as pertinent hereto, Section 69 of Article VII of the Constitution reads:
“ * * * In all cases where the unexpired portion of the term is one year or more, the vacancy shall be filled by appointment by the governor until the next regular or special election to be held in the area in which the particular vacancy occurs. The Governor shall call a special election to fill the vacancy, to coincide with the next scheduled special or regular election provided such election is more than ninety days from the date of the vacancy; and the Governor may make a temporary appointment to fill the vacancy until the election is held * * *. ” (Emphasis supplied.)
The governor has not called an election to fill the vacancy in question here. Can such an election be held in the absence of the governor’s call? Has a party executive committee any power or authority to order a primary to be held in connection with a special election which has not been called by the governor? We are constrained to answer both questions in the negative.
The law contains no provision for the calling of a special election to fill the vacancy in question other than the provision contained in Section 69 of Article VII of the Constitution which grants the governor the exclusive authority and places upon him the duty to call such an election. The law *353 contains no provision authorizing a party executive committee to call any election, nor is there any authority anywhere in the law which authorizes a party executive committee to call primaries in connection with a special election for which the governor has not issued his call. (See Miller v. Martin, La.App., 89 So.2d 908.)
Mr. Barr seems to contend that a special election to fill the vacancy in question here is fixed by the constitutional article as of the date of the next scheduled special or regular election provided such date is more than 90 days subsequent to the date of the vacancy, and that it is immaterial whether or not the governor issues a call therefor. He points to a provision contained in LSA-R.S. 18:545 which states: “* * * But no default by the governor * * * to issue the proclamation deprives the people of their right to hold an election as fixed by law or vitiate the election when held.” We do not agree that the election to fill the vacancy in question is fixed by law. We cannot read out of the constitutional provision the words: “The Governor shall call a special election * ^ Neither do we agree that LSA-R.S. 18:545 has any pertinency here. That article of the Revised Statutes refers only to general elections whose dates are fixed by law. (See Miller v. Martin, supra.)
As far as presently known the Congressional election to be held in November 1966 is the first scheduled special or regular election which will be held throughout the territorial jurisdiction of the First City Court on a date more than 90 days from the date of the vacancy in question here and we must presume that the governor will issue his call for an election in ample time for the party committees to call and hold the primaries.
We are of the opinion that the Orleans Parish Democratic Executive Committee was without authority to adopt its Resolution No. 3 of January 3, 1966; that such resolution was a nullity and that its action on January 7, 1966 rescinding the same was entirely legal and proper.
For the foregoing reasons the judgment appealed from is affirmed, appellant to pay the costs of this appeal.
Affirmed.